# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARRICK A. MALEAN,

    Plaintiff,

v.                                               Case No. 22-CV-052

RANDALL R. HEPP,

    Defendant.

## ORDER SCREENING THE COMPLAINT

On January 13, 2022, plaintiff Darrick A. MaLean, who is incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights. (ECF No. 1.) This case is now before the court for screening of the complaint and on MaLean's motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

The court has jurisdiction to resolve MaLean's motion to proceed without prepaying the filing fee and to screen the complaint in light of MaLean's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

# MOTION FOR LEAVE TO PROCEED
# WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because MaLean was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 13, 2022, MaLean filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On January 18, 2022, the court ordered MaLean to pay an initial partial filing fee of $3.14 by February 17, 2022. (ECF No. 5.) MaLean paid that fee on January 31, 2022. The court will grant MaLean's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

# SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because MaLean was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or

2

Case 2:22-cv-00052-NJ   Filed 03/25/22   Page 2 of 7   Document 8

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

3

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*MaLean's Allegations*

MaLean alleges that on December 18, 2021, defendant Randall R. Hepp rejected his inmate complaint and refused to disclose test results related to Waupun's drinking water. (ECF No. 1 at 2.) Specifically, MaLean has concerns that the drinking water contains unsafe levels of radium. (*Id.*) MaLean states he fears for his health because he knows radium causes bone cancer. (*Id.*) MaLean does not allege that he has cancer or any other known health issue as a result of the drinking water.

*Analysis*

MaLean claims that the defendant is violating his constitutional rights because he suspects the drinking water at Waupun contains dangerous levels of radium. However, MaLean does not allege that he has suffered any injury, only that he fears he may get cancer or suffer other negative health effects. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal citations omitted). A plaintiff needs to suffer a real injury, not a hypothetical one. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In other words, in order for MaLean to state a viable constitutional claim under § 1983, he has to allege he has suffered a real injury, not that he is afraid an injury may occur in the future. To address his concerns about the water quality at

4

Waupun, MaLean should use Waupun's grievance procedure, including the appeals process.

MaLean does not state a claim upon which relief may be granted. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). MaLean's complaint is thorough in its allegations of facts surrounding this claim, so the court finds that further amendment would be futile. As such, MaLean's case is dismissed.

**THEREFORE, IT IS ORDERED** that MaLean's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g)..

**IT IS FURTHER ORDERED** that the agency having custody of MaLean shall collect from his institution trust account the $346.86 balance of the filing fee by collecting monthly payments from MaLean' prison trust account in an amount equal to 20% of the preceding month's income credited to MaLean' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If MaLean is transferred to another county, state, or federal institution, the transferring

5

institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where MaLean is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 25th day of March, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

7